P. T. Smith *v.* A. S. Alexander, *Judge, etc., et al.*

(No. 8714)

Submitted January 18, 1938.   Decided February 1, 1938.

*Ellison & Ellison,* for petitioner.

*E. E. Robertson* and *Lillian S. Robertson,* for respondents.

Riley, Judge:

In this original proceeding, instituted by P. T. Smith, petitioner, against the Honorable A. S. Alexander, Judge of the Court of Common Pleas for Kanawha County, West Virginia, and Henry A. Walker, respondents, the petitioner seeks to prohibit the prosecution in the court of common pleas of an appeal from a judgment of one

Chase P. Loury, a justice of the peace.

The petitioner, on July 16, 1937, obtained a judgment against the respondent Walker before the justice of the peace in the amount of $289.00, with interest and costs. The statutory ten-day period for an appeal having expired (Code, 50-15-2), Walker, on July 28, 1937, gave written notice to the petitioner that on the following day at two o'clock in the afternoon, he would move the justice to set aside the judgment. This notice was taken by Walker's attorney to the justice, either on the afternoon of July 28th or the morning of July 29th, at which time the justice informed the attorney that he would overrule the motion. At two o'clock in the afternoon of July 29th, the petitioner and his counsel, in response to the notice, appeared before the justice, evidently with the intention of resisting any motion which might be made by respondent Walker. Neither Walker nor his counsel made any appearance at the hour set forth in the notice, and the justice made no entry in his docket showing that a motion to set aside the judgment had been made and overruled. Following these proceedings, on August 5, 1937, Walker filed with the justice an appeal bond and the case was docketed for trial at the October, 1937, term of the court of common pleas.

On October 20, 1937, Walker served notice on petitioner that he would move the Circuit Court of Kanawha County to direct the clerk of the county court of said county to release the judgment lien based on the petitioner's judgment on the ground that the defendant had appealed from the judgment of the justice. In response to this notice, petitioner appeared before the judge of the circuit court and resisted Walker's motion on the ground that no appeal had been perfected from the judgment of the justice. The circuit court refused to direct a release of the judgment. Walker then notified the petitioner that on October 26, 1937, he would move the judge of the court of common pleas to enter an order in the appeal case pending before that court, ordering the justice of the peace to supply certain omitted parts of the transcript and to amend the transcript so as to show all the facts pertaining to the motion to set aside the

judgment, claimed to have been made by Walker. The court, after hearing the testimony of the justice of the peace and counsel for Smith and Walker, entered an order on November 4, 1937, directing the justice of the peace to correct his transcript so as to show that a motion to set aside the judgment had been made and overruled, and that Smith and his counsel were present before the justice at the time the motion to set aside the judgment was overruled. The order further recites that the court overruled the petitioner's motion to dismiss the appeal as having been improvidently awarded.

Code, 50-13-7, provides that in any case tried without a jury, the justice who rendered the judgment may, on motion of either party, the other party, his agent or attorney being present or having had at least three days notice of the motion, set aside the judgment within fourteen days after it is entered. Code, 50-15-2, provides that an appeal from a judgment rendered by a justice shall not be granted unless it shall be taken within ten days after the judgment is rendered or revived or an order is entered refusing to set aside the judgment.

Clearly, under the last named section of the Code, the appeal, attempted to have been taken within ten days from the return day of the notice of Walker's intention to move to set aside the judgment, was improvidently awarded, unless the provisions of Code, 50-13-7, have been fully complied with. Walker's notice having been served on July 28th and returnable July 29th, certainly was not a compliance with the statute as to notice, and the presence of the petitioner and his attorney at two o'clock the following day does not satisfy the provisions of the statute, unless a motion to set aside the judgment was made in the presence of the petitioner or his attorney. The record does not disclose that such was the situation. The informal conversations between Walker's attorney and the justice, in the absence of the petitioner or his attorney, and the justice's announcement to the petitioner and his attorney that he would not set aside the judgment does not comply either with the letter or the spirit of the statute. True, justice courts are not courts of record. However, this is all the more reason

why irregular proceedings, in the absence of parties litigant, if allowed to prevail, are dangerously apt, in cases yet to come, to work injustice. Such proceedings, irregular as they are, have no place in our system of jurisprudence and may, if permitted, result in great abuses.

For the foregoing reasons, we award the writ.

*Writ awarded.*